# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

INTERNATIONAL AUTO LOGISTICS, LLC,

    Plaintiff,

v.

VEHICLE PROCESSING CENTER OF FAYETTEVILLE, INC.; BRETT HARRIS; BRETT HARRIS CONSULTING,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-10

## **O R D E R**

This matter comes before the Court on Defendant Vehicle Processing Center of Fayetteville, Inc.'s ("Defendant") Motion to File Response to Plaintiff's Motion for Summary Judgment Under Seal. (Doc. 52.) For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

The right of access to judicial records pursuant to common law is well-established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263

F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citing Nixon, 435 U.S. at 598.)

This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal. This Court does not allow the automatic filing of documents under seal. Rather, a "person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." Local R. 79.7. If the Court denies the Motion to Seal, the Clerk of the Court shall return the materials which the person sought to file under seal, and the person then has the option of filing the materials on the Court's open docket. Id.

Defendant has shown good cause for filing its Response to Plaintiff's Motion for Summary Judgment and supporting documents under seal. Specifically, Defendant proposes that, because Plaintiff's Motion for Summary Judgment has been filed under seal, its corresponding Response should also be filed under seal. (Doc. 52, p. 2.) Further, Plaintiff has not filed any opposition to Defendant's Motion. Accordingly, the Court **GRANTS** Defendant's

Motion to File Under Seal. (Doc. 52.) The documents which already have been filed under seal shall **REMAIN** under seal.

**SO ORDERED**, this 9th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA